IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NIEWIEDZIAL, #Y36960, )<br>)<br>      **Plaintiff,**      )<br>)<br>vs.                                  )<br>)<br>ROBINSON MEDICAL STAFF,  )<br>VIPIN SHAW,                     )<br>NURSE DURBANSHIRE,       )<br>NURSE GLENDENNINGS,      )<br>NURSE BRAYFIELD,           )<br>NURSE RICE,                      )<br>NURSE REEVES,                 )<br>NURSE CUMMINGS,           )<br>NURSE ECKEL,                    )<br>NURSE HARGRAVE,            )<br>NURSE STEPHENS,             )<br>NURSE IVONKIS,                )<br>NURSE FRYBURGER,          )<br>DR. SHAH,                        )<br>TRAVIS LANGAN,              )<br>and NURSE SPRAG,          )<br>)<br>      **Defendants.**    )  | Case No. 21-cv-00312-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Michael Niewiedzial, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-20). In the Complaint, Plaintiff alleges that Robinson's medical staff denied him timely and adequate treatment for bone spurs and calluses in his left foot beginning on June 28, 2019. (*Id.* at 2-12). For months, the medical staff forced him to walk on injured feet while ignoring obvious signs of infection. Plaintiff was diagnosed with *Staph* infection on three separate occasions and underwent

1

three amputations on his left foot. In the process, he lost all five toes and a portion of his left foot. He is now unable to stand, balance, or walk, and he is confined to a wheelchair for the rest of his life. Plaintiff complains of tragic and avoidable pain and suffering that resulted from the alleged misconduct of the named defendants. He asserts claims of medical deliberate indifference under the Eighth Amendment and medical negligence under Illinois state law against each one. (*Id*.). Plaintiff seeks monetary relief. (*Id*. at 13-14). He also requests the recruitment of counsel to represent him in this case. (Doc. 3).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two (2) Counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff adequate medical care for calluses and bone spurs on his feet at Robinson beginning on June 28, 2019, resulting in three bouts of *Staph* infection, three amputations on his left foot, permanent disfigurement, and confinement to a wheelchair.
>
> **Count 2:** Illinois medical negligence claim against Defendants for denying Plaintiff adequate medical care for calluses and bone spurs on his feet at Robinson beginning on June 28, 2019, resulting in three bouts of *Staph* infection, three amputations on his left foot, permanent disfigurement, and confinement to a wheelchair.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. U.S. CONST. amend. VIII. Prison officials violate the amendment when they respond with deliberate indifference to adverse conditions that deny prisoners "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Adequate medical care is one of life's necessities. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016).

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Gaston v. Ghosh*, 498 F. App'x 629 (7th Cir. 2012); *Jellis v. Hulick*, 422 F. App'x 548 (7th Cir. 2011). A plaintiff must show that he suffered from a serious medical condition (an objective standard), and each defendant responded to it with deliberate indifference (a subjective standard). *Id.* The allegations satisfy both components of this claim at screening.

A medical condition is sufficiently serious if a doctor has determined that prompt treatment is necessary or the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The allegations suggest that Plaintiff suffered from a serious medical condition while at Robinson, when his calluses and bone spurs became infected and required multiple amputations on his left foot. *See, e.g., Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (painful MRSA infection sufficiently serious); *Gutierrez v. Peters*, 111 F.3d 1364,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

1373 (7th Cir. 1997) ("purulent draining infection" accompanied by pain and fever sufficiently serious).  The objective standard is satisfied at screening.

The allegations also suggest that each individual defendant may have acted with deliberate indifference toward Plaintiff's serious medical condition.  Plaintiff offers detailed allegations against each individual defendant in the Complaint, and they are sufficient to satisfy the subjective component of this claim at screening.  Accordingly, Count 1 shall receive further review against all individual defendants.

However, "Robinson medical staff" shall be dismissed with prejudice.  This generic designation is too broad and vague to attach to any particular person.  Section 1983 imposes liability on individual state actors for deprivations of a plaintiff's federally protected rights.  *Jones v. Cummings*, 998 F.3d 782 (7th Cir. 2021).  Liability hinges on personal involvement in or responsibility for a constitutional deprivation, so the plaintiff must identify individual state actors in connection with his claims.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Plaintiff's designation of "Robinson medical staff" is insufficient to state a claim against any individual(s), even at screening.

## Count 2

Plaintiff also brings a medical negligence claim against Defendants under Illinois state law.  The allegations of negligence derive from the same facts as the federal constitutional claim, so this Court will exercise supplemental jurisdiction over the claim.  *See* 28 U.S.C. § 1367(a) (district court has supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution").

In order to bring a negligence claim under Illinois state law, a plaintiff must allege facts suggesting that the defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). The allegations are sufficient to support a negligence claim against each individual defendant at this stage. But, Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622. If he intends to proceed with this claim, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Plaintiff must comply with the requirements set forth in 735 ILCS § 5/2-622 before the summary judgment phase of the case. *Id*. Failure to do so at this point is not dispositive of his claim. *Id*. Therefore, Count 2 shall proceed against all individual defendants.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **ALL DEFENDANTS**, except Robinson Medical Staff**.** Defendant **ROBINSON MEDICAL STAFF** is **DISMISSED** with prejudice. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**The Clerk of Court is DIRECTED to TERMINATE Robinson Medical Staff as a Defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **SHAW, DURBANSHIRE, GLENDENNINGS, BRAYFIELD, RICE, REEVES, CUMMINGS,**

**ECKEL, HARGRAVE, STEVENS, IVONKIS, FRYBURGER, SHAH, LANGAN,** and **SPRAG:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/19/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
