IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL NIEWIEDZIAL, #Y36960,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-00312-JPG |
| ) | |
| **VIPIN SHAW,** ) | |
| **NURSE DURBANSHIRE,** ) | |
| **NURSE GLENDENNINGS,** ) | |
| **NURSE BRAYFIELD,** ) | |
| **NURSE RICE,** ) | |
| **NURSE REEVES,** ) | |
| **NURSE CUMMINGS,** ) | |
| **NURSE ECKEL,** ) | |
| **NURSE HARGRAVE,** ) | |
| **NURSE STEPHENS,** ) | |
| **NURSE IVONKIS,** ) | |
| **NURSE FRYBURGER,** ) | |
| and **NURSE SPRAG,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Defendants' Motions for Partial Summary Judgment on Count 2 (Docs. 39, 52, 68, 85, and 98) and Plaintiff's Motion for Extension of Time to Respond / Comply with 735 ILCS § 5/2-622 (Doc. 88). Defendants seek dismissal of Plaintiff's Illinois medical negligence / malpractice claim in Count 2 based on his failure to comply with § 5/2-622 by filing a certificate of merit and affidavit in support of this claim. Defendants filed their motions on the same date they answered the complaint. In response, Plaintiff requested additional time to comply with § 5/2-622. (Doc. 88).

For the reasons set forth below, Defendants' pending summary judgment motions (Docs. 39, 52, 68, 85, and 98) shall be **DISMISSED without prejudice**. Plaintiff's motion for

1

extension of time shall be **GRANTED**, and his final deadline for filing a certificate of merit and affidavit in compliance with 735 ILCS § 5/2-622 shall be the discovery deadline that is listed in the scheduling and discovery order to be entered herein.  Defendants may renew their requests for summary judgment by filing new motions by the summary judgment deadline.

BACKGROUND

Plaintiff Michael Niewiedzial is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Robinson Correctional Center ("Robinson").  In the Complaint, Plaintiff alleges that Robinson's medical staff denied him timely and adequate treatment for bone spurs and calluses in his left foot beginning on June 28, 2019.  (Doc. 1, pp. 2-12).  As a result, Plaintiff was diagnosed with *Staph* infection and underwent three amputations on his left foot.  *Id*.  He lost all five toes and a portion of his left foot.  Plaintiff brings claims for money damages against Defendants for medical deliberate indifference under the Eighth Amendment (Count 1) and medical negligence under Illinois state law (Count 2).  *Id*.

Following preliminary review of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with the Eighth Amendment deliberate indifference claim (Count 1) and Illinois medical negligence / malpractice claim (Count 2) against Defendants for denying him adequate medical care for his calluses and bone spurs at Robinson beginning June 28, 2019, resulting in three bouts of *Staph* infection, three amputations on his left foot, permanent disfigurement, and confinement to a wheelchair.  Along with their answers, Defendants filed for partial summary judgment on Count 2 because Plaintiff did not support this claim with a certificate of merit or affidavit pursuant to 735 ILCS § 5/2-622.  (Docs. 39, 52, 68, 85, and 98).  After receiving several extensions of time to respond, Plaintiff filed a motion seeking additional time to comply with § 5/2-622—specifically, until the close of all discovery.  (Doc. 88).

**DISCUSSION**

When bringing a claim for medical negligence/malpractice pursuant to the Illinois Healing Art Malpractice Act, 735 ILCS § 5/2-622, a plaintiff must file a physician's statement attesting that his medical negligence claim against each defendant has merit. *See* 735 ILCS § 5/2-622(a). Plaintiff must file a "certificate of merit," which is a written report of a reviewing health professional that clearly identifies the plaintiff "and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." *Id*. The report must be specific. *Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014). It must state the standard of care, describe the particular deficiencies in care, and set forth the reviewing health professional's reasons for finding the care deficient. *Ortiz v. United States*, 2014 WL 642426, at *3. The report cannot rely on general conclusions of malpractice.

The § 5/2-622 requirement serves the purpose of reducing frivolous claims and litigation. *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992). Illinois courts construe the requirement liberally in favor of the plaintiff. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Therefore, courts have accepted a single report for multiple defendants where it discusses each defendant, describes the deficiencies in care provided by each, and opines that a reasonable and meritorious claim exists against each one. *Sherrod*, 223 F.3d at 614 (citing *Neuman v. Burstein*, 595 N.E.2d 659, 664 (Ill. App. Ct. 1992)).

In this case, Plaintiff failed to provide an affidavit and certificate of merit with the Complaint, and this prompted the defendants to file motions for partial summary judgment on Count 2 along with their answers. Defendants recognized that a Complaint cannot be dismissed for failure to state a claim for medical malpractice simply because the § 5/2-622 affidavit and

3

report are missing.  *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019).  Rule 8 of the Federal Rules of Civil Procedure identifies exactly what a complaint must include, and it does not require attachments.  *Id*.  Defendants instead recognized that early summary judgment is a way to obtain swift resolution of unsupported medical malpractice claims.  *Id*.  Rule 56(b) "allows such a motion to be filed 'at any time.'"  *Id*.  In keeping with this rule, Defendants properly requested summary judgment when they filed their answers.

With that said, both state and federal law allow for extensions of time to provide this information.  Section 5/2-622 authorizes extensions for filing the report and affidavit under a variety of circumstances, such as when the plaintiff faces an impending statute of limitations (*see* 735 ILCS § 5/2-622(a)(2)) or when the records necessary for evaluation are unavailable (*see* 735 ILCS § 5/2-622(a)(3)).  *Young*, 942 F.3d at 351.  Rule 56(d) likewise allows a district court to grant a nonmovant additional time to gather essential evidence.  In this way, the "state substantive goal and the federal procedural system . . . exist harmoniously."  *Id*.

Defendants have all moved for summary judgment early in this complex case involving numerous defendants.  The Court granted Plaintiff's requests for several short extensions to comply with § 5/2-622, and he now seeks a longer extension of time to file his § 5/2-622 affidavit and report—until the close of discovery.  Given the obvious complexity of this case and the significant number of defendants involved, it stands to reason that evidence gathering will take longer and be more difficult for this incarcerated plaintiff.  It follows that the § 5/2-622 affidavit and report will likely be more difficult to obtain.  Accordingly, the Court deems it most appropriate to dismiss the pending motions for summary judgment without prejudice, and grant the plaintiff the requested extension of time to comply with § 5/2-622.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Respond / Comply with 735 ILCS § 5/2-622 (Doc. 88) is **GRANTED**, and Defendants' Motions for Partial Summary Judgment on Count 2 (Docs. 39, 52, 68, 85, and 98) are **DISMISSED without prejudice**.

Plaintiff is ordered to file a certificate of merit and affidavit in support of Count 2 and in compliance with 735 ILCS § 5/2-622 by the close of discovery. He is **WARNED** that failure to timely file a certificate of merit and affidavit that complies with § 5/2-622 as to each defendant shall result in dismissal of Count 2 with prejudice. Defendants may renew their motions for summary judgment, if necessary, by refiling them by the summary judgment deadline.

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/21/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**