IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NIEWIEDZIAL, #Y36960, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00312-JPG |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for consideration is Plaintiff Michael Niewiedzial's Motion for Leave to File First Amended Complaint submitted September 1, 2022. (Doc. 109). Plaintiff seeks permission to add two additional defendants and seven additional claims to this action. For the reasons set forth herein, Plaintiff's motion is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against medical providers at Robinson Correctional Center who denied him proper medical care for bone spurs and calluses in his left foot. (Doc. 1, pp. 2-12). He was diagnosed with *Staph* infection on three occasions and lost all five toes and a portion of his foot in three separate amputation procedures. (*Id.*). He is now confined to a wheelchair and unable to stand, balance, or walk without a walker or other assistive device. (*Id.*). Following review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference claim

1

(Count 1) and an Illinois medical negligence claim (Count 2) against thirteen[1] individual medical providers at Robinson.  (Doc. 17).  He was also assigned counsel to represent him in this matter.  (Doc. 18).  Plaintiff subsequently filed a Motion for Leave to File First Amended Complaint on September 1, 2022.  (Doc. 109).

### MOTION FOR LEAVE TO AMEND COMPLAINT

In the motion, Plaintiff seeks permission to: (a) add Director of Nursing Ashley Lackey as a defendant in connection with the Eighth Amendment medical deliberate indifference claim (Count 1) and the Illinois medical malpractice claim (renumbered Count 3); and (b) add Wexford Health Sources, Inc. as a defendant in connection with a new Eighth Amendment *Monell*-type claim (renumbered Count 2) and six additional claims under Illinois state law for medical malpractice (based on *respondeat superior*) (Count 4), negligent hiring and retention (Count 5), negligent supervision (Count 6), willful and wanton hiring and retention (Count 7), willful and wanton failure to supervise (Count 8), and institutional negligence (Count 9).  (*Id.*).  He also clarifies the names of the defendants, offers additional factual allegations against them, and modifies his request for relief.  (Doc. 109).

### DEFENDANTS' RESPONSE

Defendants oppose the motion on three grounds.  (Doc. 114).  First, they argue that the addition of new defendants and claims at this late stage is futile because all claims against them are time-barred.  Second, Counts 6 and 7 arise from willful and wanton conduct and are duplicative

---

[1] The Court originally identified fifteen medical providers as defendants in the Complaint. (Doc. 17). Plaintiff later clarified that two individuals, *i.e.*, Vipin Shaw and Vipin Shah, are the same person, and one individual, *i.e.*, Travis Langan, was not intended as a defendant, resulting in termination of two defendants on January 14, 2022.  (Docs. 61 and 62).

2

of Plaintiff's deliberate indifference claims. Third, Plaintiff's addition of several multifaceted claims regarding systemic deficiencies would unduly prejudice Defendants. (*Id.*).

DISCUSSION

A.   **Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. *See* FED. R. CIV. P. 15(a)-(d). Plaintiff brings his motion under Rule 15(a)(2), which allows a party to amend its pleading with written consent of the opposing party or with leave of the court. *See* FED. R. CIV. P. 15(a)(2). The rule explicitly states that the Court should grant leave to amend a pleading "when justice so requires." *See id.*

The Seventh Circuit Court of Appeals maintains a liberal attitude toward amendments of pleadings so that "cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1997). The Court explains that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). In cases of undue delay, dilatory motive, or futility, a court may deny leave to amend. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's motion is timely. In the Initial Scheduling and Discovery Order, the Court imposed a deadline for Plaintiff to file a motion for leave to amend the complaint. (Doc. 100). His motion was originally due August 22, 2022. (*Id.*). He requested and received three short extensions, totaling eleven days, until September 2, 2022. (*See* Docs. 103-108). Plaintiff filed the motion on September 1, 2022, in order to add two new defendants and seven new claims after

Plaintiff and his attorney reviewed "recently obtained" information, records, and research. (Doc. 109, ¶ 3). Neither party presents evidence of undue delay or dilatory motive.

Defendants primarily argue that the amendment is futile because Plaintiff's claims against the only two new defendants, Lackey and Wexford, are barred by the applicable statute of limitations and do not relate back to the original Complaint. Section 1983 contains no statute of limitations. *See* 42 U.S.C. § 1983; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Therefore, this court borrows the statute of limitations for personal injury actions from the state where the alleged injury occurred. *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)). Plaintiff's injuries occurred at a prison in Illinois, so the Court looks to Illinois state law for the applicable statute of limitations. A two-year statute of limitations applies to personal injury claims in Illinois. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

The allegations of misconduct by Wexford and its staff (including Lackey) occurred between June 28, 2019 and August 14, 2020. Plaintiff signed and filed the Complaint in mid-March 2021 (*see* Doc. 1, p. 20) and sought leave to amend and add Lackey and Wexford as parties on September 1, 2022. (Doc. 109). In other words, Plaintiff requested leave to add the two new defendants and seven new claims two years *and two weeks* after the final event described in the proposed amendment, *i.e.,* Plaintiff's third amputation on August 14, 2020. A plaintiff may plead himself out of court if allegations in a complaint show that the applicable statute of limitations bars relief. *See Jones v. Bock*, 549 U.S. 199 (2007); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). And, an amendment that adds a new party after the statute of limitations expires will be dismissed as untimely unless it relates back to the original complaint or the running of the

4

statute of limitations is tolled.  *See* FED. R. CIV. P. 15(c)(1); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561-62 (7th Cir. 1996).

Plaintiff maintains that the amended complaint relates back to the original.  Rule 15(c) sets forth the following requirements for relation back of an amended complaint:

> c.  RELATION BACK OF AMENDMENTS
>
> 1. *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for service the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1).

Plaintiff's claims against two new parties, Lackey and Wexford, arose out of the same conduct, transactions, or occurrences set out in the original pleading.  *See* FED. R. CIV. P. 15(c)(1)(C) (requiring compliance with FED. R. CIV. P. 15(c)(1)(B)).  For the amendment to relate back, however, Lackey and Wexford must have received notice of the action within the period provided by Rule 4(m) for service of the summons and complaint so that they will not be prejudiced in defending on the merits.  And, they must have, or should have, known that the action would have been brought against them, but for a mistake concerning the proper party's identity.

These factors hinge on facts not yet discernible to this Court. In time, this information may come to light and help the Court determine whether the amended complaint relates back to the original. Once these facts are discovered, the parties may raise the issue again in a dispositive motion, if they deem it appropriate to do so. *Id*.

Finally, the Court rejects Defendants' argument that the addition of several multifaceted claims regarding systemic deficiencies would unduly prejudice Defendants. This argument is largely undeveloped, and the Court will not make it for them. The Court notes that the underlying case is still in its early stages, and merits discovery has not yet commenced. To the extent this case now covers broader issues, the parties will undertake merits discovery on all issues together in due course. Should adjustments to litigation deadlines become necessary, the parties may file a motion seeking necessary extensions and/or amendments to the scheduling order.

**B.      Merits Review Under 28 U.S.C. § 1915A**

Before the Court can grant leave to amend, the proposed amended complaint must still undergo Section 1915A review,[2] and it survives review, in part.

Because an amended complaint supersedes and replaces all prior versions of the complaint, Plaintiff must set forth allegations, anew, stating plausible claim(s) against each defendant or face dismissal of the claim(s) and/or the defendant(s). Plaintiff expands upon the allegations already set forth in the original Complaint and includes additional allegations addressing Wexford's policies, customs, and practices. He also modifies the names of certain defendants and his request for relief.

---

[2] Pursuant to Section 1915A, any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff sets forth the following renumbered claims in the proposed amended complaint:

**Count 1:** Eighth Amendment deliberate indifference claim against Wexford Medical Professionals (Vipin Shah, Jacqueline Ford, Teresa Glenndennings, Mark Brayfied, Derek Rice, Danyel Reeves, Joni Paris, Penny Eckel, Angelia Hargrave, Kimberly Stephens, Sheila Iknayan, Jennifer Fryburger, Dana Sprague, and Ashley Lackey) for inadequate treatment of Plaintiff's left foot beginning on June 28, 2019.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford for denying Plaintiff adequate medical care for his left foot through its policies, customs, or widespread practices of refusing to provide injured inmates with appropriate care for said injuries, denying injured inmates necessary orthopedic follow-up care, and limiting inmate medical care to reduce costs and increase profits.

**Count 3:** Illinois medical malpractice/negligence claim against Wexford Medical Professionals (Vipin Shah, Jacqueline Ford, Teresa Glenndenning, Mark Brayfied, Derek Rice, Danyel Reeve, Joni Paris, Penny Eckel, Angelia Hargrave, Kimberly Stephens, Sheila Iknayan, Jennifer Fryburger, Dana Sprague, and Ashley Lackey) for inadequate treatment of Plaintiff's left foot beginning on June 28, 2019.

**Count 4**: Illinois state law claim against Wexford for medical malpractice based on *respondeat superior* liability.

**Count 5:** Illinois state law claim against Wexford for negligent hiring and retention.

**Count 6:** Illinois state law claim against Wexford for negligent supervision.

**Count 7:** Illinois state law claim against Wexford for willful and wanton hiring and retention.

**Count 8:** Illinois state law claim against Wexford for willful and wanton failure to supervise.

**Count 9:** Illinois state law claim against Wexford for institutional negligence.

**Any other claim that is mentioned in the amended complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

To proceed with his Eighth Amendment claim, Plaintiff must set forth allegations suggesting that each defendant responded to his objectively serious medical need with deliberate indifference. *Gaston v. Ghosh*, 498 F. App'x 629 (7th Cir. 2012); *Jellis v. Hulick*, 422 F. App'x 548 (7th Cir. 2011). Plaintiff's left foot injuries and infections satisfy the objective component of this claim. *See, e.g., Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (painful MRSA infection sufficiently serious); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("purulent draining infection" accompanied by pain and fever sufficiently serious). Plaintiff sets forth sufficient allegations of deliberate indifference to proceed with Count 1 against the following individuals defendants: Vipin Shah, Teresa Glenndennings, Mark Brayfied, Derek Rice, Danyel Reeves, Penny Eckel, Kimberly Stephens, Sheila Iknayan, Jennifer Fryburger, and Dana Sprague.

However, Count 1 shall be dismissed against Jacqueline Ford, Joni Paris, Angelia Hargrave, and Ashley Lackey. Instead of setting forth any allegations against these particular individuals, Plaintiff referred generically to "Wexford Health Professionals." Section 1983 imposes liability on individual state actors for deprivations of a plaintiff's federally protected rights. *Jones v. Cummings*, 998 F.3d 782 (7th Cir. 2021). Liability hinges on personal involvement in or responsibility for a constitutional deprivation, so the plaintiff must identify individual state actors in connection with his claims and describe what each person did, or failed to do, to violate his rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff's designation of "Wexford Medical Professionals" is insufficient to state a claim against any particular individual at screening. Plaintiff should know this because the Court already dismissed claims in the original Complaint against "Robinson Medical Staff" and explained that using a generic identifier for a large group of individuals is not an acceptable style of pleading in

a § 1983 suit. (Doc. 17). It still isn't. Plaintiff omitted allegations describing the denial of medical care by Jacqueline Ford, Joni Paris, Angelia Hargrave, and Ashley Lackey, so Count 1 does not survive screening against them and shall be dismissed.

## Count 2

Plaintiff adds an Eighth Amendment claim against Wexford, the private corporation that employs the individuals at Robinson who denied Plaintiff medical care for his left foot. The corporation cannot be liable under § 1983 simply for employing the medical staff that denied Plaintiff care because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. The allegations state a plausible claim of deliberate indifference against Wexford, based on policies, customs, or practices carried out at Robinson to reduce costs, increase profits, and delay or deny necessary medical treatment for his left foot.

## Counts 3 through 9

Plaintiff also brings several claims against Defendants under Illinois state law, and this Court will exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a). A district court has supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. The state law claims in Counts 3 through 9 form part of the same case or controversy as the federal law claims in Counts 1 and 2, so the Court will screen them as part of this case.

9

**A.      Counts 3, 4, 5, 6, and 9**

To proceed on a negligence claim in Illinois, the plaintiff must set forth facts suggesting that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury and damages. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).

As for Count 3, the allegations are sufficient to support a negligence claim against the same individuals named in connection with the Eighth Amendment medical deliberate indifference claim in Count 1: Vipin Shah, Teresa Glenndennings, Mark Brayfied, Derek Rice, Danyel Reeves, Penny Eckel, Kimberly Stephens, Sheila Iknayan, Jennifer Fryburger, and Dana Sprague. And, it falls short of stating a claim, for lack of specifics, against Jacqueline Ford, Joni Paris, Angelia Hargrave, and Ashley Lackey.

As for Counts 4, 5, 6, and 9, the allegations also support negligence claims against Wexford for medical malpractice (*respondeat superior*) (Count 4), negligent hiring and retention (Count 5), negligent supervision (Count 6), and institutional negligence (Count 9) at this early stage.

Although these negligence claims survive preliminary review, Plaintiff is reminded of his obligation to provide the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622, stating that "there is a reasonable and meritorious cause" for litigation. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). He must comply with 735 ILCS § 5/2-622 before summary judgment or face dismissal of one or more of his negligence claims.

**B.      Counts 7 and 8**

Counts 7 and 8, arising from willful and wanton conduct of Wexford, also survives screening at this time. The Court finds unpersuasive Defendants' argument that the similar legal standards applicable to the Eighth Amendment deliberate indifference claim against Wexford in

10

renumbered Count 2 obviates the need to pursue the Illinois willful and wanton hiring and retention claim in Count 7 and the willful and wanton failure to supervise claim in Count 8.  It is true that Plaintiff can only secure one recovery.  But, the path to recovery for these claims is different.  At this stage, the overlap between these claims does not warrant dismissal of any one claim.

### Disposition

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 109) is **GRANTED in part and DENIED in part** as follows:

- **COUNTS 1** and **3** survive screening and will **PROCEED** against Vipin Shah, Teresa Glenndennings, Mark Brayfied, Derek Rice, Danyel Reeves, Penny Eckel, Kimberly Stephens, Sheila Iknayan, Jennifer Fryburger, and Dana Sprague and are **DISMISSED without prejudice** against Jacqueline Ford, Joni Paris, Angelia Hargrave, and Ashley Lackey.

- **COUNTS 2, 4, 5, 6, 7, 8,** and **9** survive screening and will **PROCEED** against Wexford Health Sources, Inc.

- **ALL CLAIMS** against Ashley Lackey, Jacqueline Ford, Joni Paris, and Angelia Hargrave are **DISMISSED** without prejudice for failure to state a claim.

Plaintiff shall file the First Amended Complaint in CM/ECF *instanter*, and the Clerk's Office is **DIRECTED** to **ADD** Wexford Health Sources, Inc. as a defendant; **TERMINATE** Jacqueline Ford, Joni Paris, Angelia Hargrave, and Ashley Lackey; and **UPDATE** the names of all other defendants as set forth in the amended complaint.

Plaintiff is **ORDERED** to **SERVE** this lawsuit on **WEXFORD HEALTH SERVICES, INC.**, and **ALL DEFENDANTS** shall timely answer or otherwise respond to this First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. 1997e(g).

**IT IS ORDERED** that the Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies filed by Joni Cummings and Nurse Glendennings (Doc. 111) is **DISMISSED** without prejudice to **RE-FILING** by the appropriate deadline in the amended

scheduling order to be entered once service and answers are on file for the First Amended Complaint.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/8/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
